UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT

|  |  |  |
|---|---|---|
| | ) | |
| IN RE: | ) | CASE NO.  11-20452 (ASD) |
| | ) | |
| VMC REAL ESTATE, LLC, | ) | CHAPTER  11 |
| | ) | |
| | ) | |
| DEBTOR | ) | RE: ECF Nos. 83 & 91 |

**BRIEF MEMORANDUM OF DECISION AND ORDER GRANTING MOTION FOR
RECONSIDERATION FILED BY O'CONNELL, FLAHERTY & ATMORE, LLC.**

**I. INTRODUCTION AND BACKGROUND**

In the matter now before the Court, O'Connell, Flaherty & Attmore, LLC (hereinafter,

"OFA") requests the Court pursuant to Fed. R. of Bankr. P. 3008 (hereinafter, "Bankruptcy

Rule"), to reconsider its *Order Sustaining in Part and Overruling in Part Debtor's Objection

to Claim* (hereinafter, the "Order"), ECF No. 83, entered by the Court on December 14,

2011, sustaining in part and overruling in part the Debtor's objection to OFA's Proof of

Claim No. 2, insofar as the Order disallowed certain committee fees[1] awarded by a

Connecticut state court in the amount of $2,559.84. Familiarity with the Order is presumed.

As noted in the Order, the Court sustained the Debtor's objection because OFA

failed to produce evidence indicating that a prepetition award of Committee Fees and

Expenses had been made in the Connecticut Superior Court foreclosure proceedings. The

---

[1]Pursuant to Connecticut state law, upon a determination by the state court to hold a foreclosure by sale, an attorney,  consisting of a committee for sale is appointed to conduct the judicial sale and acts as an the agent of the court. Conn.  Gen.  Stat. §49-25. The Committee's responsibilities include advertising the sale, erecting a sign on the property, identifying the property, conducting the sale and ultimately presenting a report to the court whose approval is required. *Lombard v. Peters*, 252 Conn. 623, 749 A. 2d 630 (1999).

Court then took judicial notice of the state court docket indicating that while a state court

order was entered by the Superior Court on March 21, 2011, awarding Committee Fees

and Expenses, it was entered after the bankruptcy petition date of February 25, 2011 in

violation of the automatic stay of 11 U.S.C. §362(a), and therefore was void.

Now before the Court is OFA's *Motion for Reconsideration of Amount of Allowed*

*Claim* (hereinafter, the "Motion"), ECF No. 91, filed on January 20, 2012, in which it seeks

reconsideration of the Order on two grounds: First, it argues that it mistakenly failed to

bring to the Court's attention at the hearings held on December 7 and 13, 2011, that Conn.

Gen.  Stat. §49-25 requires "if for any reason the [foreclosure] sale does not take place,

the expense of the sale . . . shall be paid by the plaintiff," and that, in fact, on March 21,

2011, the Committee Fees and Expenses were ordered by the Connecticut Superior Court

to be paid by, and were paid by OFA, the plaintiff in the proceedings.  Secondly, in light

of this fact, OFA  asks the Court to allow said Committee Fees and Expenses as a part of

its proof of claim as provided by Bankruptcy Code §506(b) which permits the Court to

award to a fully secured creditor[2] "any reasonable fees, costs or charges provided for

under the agreement or state statute under which such claim arose."

## II. DISCUSSION

### A.    Standard for Reconsideration of a Claim Under Bankruptcy Code §502(j) and Bankruptcy Rule 3008.

Under Bankruptcy Rule 3008, "A party in interest may move for reconsideration of

---

[2]The proof of claim filed by OFA asserts that it is fully secured and in its objection to the claim, the Debtor did  not challenge its assertion that it was fully secured but only disputed the amount of the claim. ECF No. 29.  Nor has the debtor brought an action under Bankruptcy Code §506(a) to determine OFA's secured status.

an order allowing or disallowing a claim against the estate." Further, under Bankruptcy

Code §502(j) the court may reconsider an order allowing or disallowing a claim "for cause,"

and "the reconsidered claim may be allowed or disallowed according to the equities of the

case." 11 U.S.C. §502(j). Because OFA did not file its Motion within fourteen (14) days

of the entry of the Order, the Court's consideration of the Motion must be held to the

stricter standards of cause set forth in Fed. R. Civ. P. 60(b) made applicable in bankruptcy

cases under Bankruptcy Rule 9024, rather than under the more liberal standards of Fed.

R. Civ. P. 59, made applicable to bankruptcy cases under Bankruptcy Rule 9023. Motions

under 60(b) are addressed to the sound discretion of the court, but because the standards

are strict, reconsideration is generally denied "unless the moving party can point to

controlling decisions or data that the court overlooked - matters, in other words, that might

reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX

Transportation, Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). Moreover, although the Court has

considerable discretion in granting or denying a motion for reconsideration, a bankruptcy

court necessarily abuses its discretion if it bases its ruling on "an erroneous view of the law

or on a clearly erroneous assessment of the evidence."[3] *Statek Corp. v. Development

Specialists, Inc. (In re Coudert Bros. LLP)*, No. 10-2723, 2012 U.S. App. LEXIS 4019, at

*13-14 (2d Cir. February 28, 2012).

Although at the hearing held on March 1, 2012 to consider the Motion, counsel for

OFA admitted that it had not previously drawn the Court's attention to the applicability of

---

[3]Nevertheless, a motion to reconsider should not be granted where the party is solely seeking to relitigate an issue already decided. *Shrader v. CSX Transportation, Inc.*, 70 F.3d at 257.

Conn. Gen. Stat. §49-25, nor offered testimony or evidence to the effect that OFA had paid

the Committee Fees and Expenses pursuant to state court order, the Court will

nevertheless reconsider its Order in light of the admonition from the Court of Appeals that

it would be an abuse of the court's discretion to refuse to reconsider a decision based

upon an "erroneous view of the law."

**B.      *The Automatic Stay Did Not Bar An Order of the Superior Court Directing
OFA, the Plaintiff in the Foreclosure, to Pay the Outstanding Committee Fees and
Expenses***

As already noted, in the Order the Court found that the order entered by the state

court on March 21, 2011, after the bankruptcy petition date, awarding Committee Fees and

Expenses, was in violation of the automatic stay of 11 U.S.C. §362(a) and therefore void.

However, in light of the fact that the order for payment of the Committee Fees and

Expenses was, in fact, directed against OFA and not the Debtor, and that the fees and

expenses were paid by OFA, warrants reconsideration of its determination that the state

court order violated the automatic stay.

In *In re Rubenstein*, 105 B.R. 198 (Bankr. D.Conn. 1989), the Committee there

sought a declaratory judgment from the bankruptcy court that it was not barred by the

automatic stay from proceeding in state court to collect its fees and costs because it was

seeking payment from the creditor that instituted the foreclosure by sale rather than from

the debtor.  The creditor argued that the stay was applicable because under state law and

under the terms of the debtor's mortgage, the debtor was ultimately liable for the creditor's

costs of foreclosure.  Conn. Gen. Stat. §49-7.  The bankruptcy court found, however, that

because of the automatic stay, the debtor was not automatically bound by any judgment

against the creditor and that in any case, the allowance of fees and costs are subject to independent review by the bankruptcy court and subject to its evaluation as to their reasonableness.  Thus, the court ruled that the stay was inapplicable and the committee was free to seek an order for its fees and costs from the state court.

The Court agrees with the analysis and holding in *Rubenstein,* and on the very similar facts present here, holds that the order entered by the Connecticut Superior Court directing OFA to pay the Committee Fees and Expenses was not in violation of the automatic stay.

**C.    *Bankruptcy Code §506(b) Allows the Awarding of Fees and Costs Incurred By Fully Secured Creditors***

Bankruptcy Code §506(b) provides:

> To the extent that an allowed secured claim is secured by property the value of which, after any recovery under subsection (c) of this section, is greater than the amount of such claim, there shall be allowed to the holder of such claim, interest on such claim, and any reasonable fees, costs, or charges provided for under the agreement or State statute under which such claim arose.

The mortgage deed entered into by OFA and the Debtor, provides for the Debtor's payment of reasonable costs and expenses arising in connection with a foreclosure proceeding. The fact that OFA has not yet filed a written bill of costs with the state court as required by Connecticut court rules (*see City of Norwalk v. Farrell*, 80 Conn.  App.  399, 407-409 (2003)), is irrelevant because the applicability of §506(b) is intended to be determined by federal law only.  *See In re K. H. Stephenson*, 768 F.2d 580, 585 (4th Cir. 1985).

However, because federal law governs the award of fees and costs, such fees and

costs are subject to review by the bankruptcy court as to their reasonableness, and any application for allowance must comply with Bankruptcy Rule 2016(a) and Local Rules of Bankruptcy Procedure 25(a) (hereinafter, D.Conn. LBR _-_). *See In re Welzel*, 275 F.3d 1308, 1316 (11th Cir. 2001) ("[Section] 506(b) blanketly applies the reasonableness standard to contractually set attorney's fees, irrespective of how state law might treat such fees"); *In re Rubenstein*, 105 B.R. at 202-203. ("Under §506(b) . . . applications must state in detail the time spent and the nature of each discrete task performed, so that the bankruptcy court can assess the reasonableness of requested fees and costs").

### III. CONCLUSION AND ORDER

The Court, having considered the arguments of the parties on the Motion, and having concluded for the reasons discussed herein, *inter alia*, that the order entered by the Connecticut Superior Court directing OFA to pay the Committee Fees and Expenses was not in violation of the automatic stay of §362(a), and that §506(a) allows the award of fees and expenses incurred by OFA, in accordance with which:

**IT IS HEREBY ORDERED** that the *Motion for Reconsideration of Amount of Allowed Claim*, ECF No. 91, is **GRANTED,** and

**IT IS FURTHER ORDERED** that O'Connell, Flaherty & Attmore, LLC, shall have the opportunity to file, <u>on or before March 30, 2012</u>, an application for allowance of the Committee Fees and Expenses as a part of its allowed Proof of Claim (Claim No. 2), in accordance with Bankruptcy Rule 2016 and D.Conn. LBR 2016-1.

Dated: March 9, 2012                                    BY THE COURT

Albert S. Dabrowski
United States Bankruptcy Judge

6